**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | |
|---|---|
| In Re:<br><br>　　　　Rachel Crockett,<br><br>　　　　　　Debtor<br>-------------------------------------------------<br>Rachel Crockett,<br><br>　　　　　　Movant | Chapter 7<br><br>Case No. 21-20807<br><br><br><br><br>**HONORABLE JAMES J. TANCREDI** |

**LAW OFFICES OF**
**CHRISTOPHER H. THOGMARTIN**
1880 SILAS DEANE HIGHWAY, SUITE 201
ROCKY HILL, CT 06067
PHONE & FAX: 860.578.8048

**NOTICE OF CONTESTED MATTER RESPONSE DATE**

　　Rachel Crockett (the "Movant") has filed a Motion to Compel Abandonment of Property Pursuant to 11 U.S.C. §554(b) (the "Contested Matter") with the United States Bankruptcy Court for the District of Connecticut. Notice is hereby given that any response to the Contested Matter must be filed with the Court no later than January 24, 2022. In the absence of a timely filed response, the proposed order in the Contested Matter may enter without further notice and hearing, see, 11 U.S.C. § 102(1).

　　　　　　　　　　　　　　　　　　　　THE MOVANT,

　　　　　　　　　　　　　　　　　　　　/s/ Christopher H. Thogmartin
　　　　　　　　　　　　　　　　　　　　Christopher H. Thogmartin
　　　　　　　　　　　　　　　　　　　　Attorney for the Debtor
　　　　　　　　　　　　　　　　　　　　Fed Bar # CT27922
　　　　　　　　　　　　　　　　　　　　Phone: (860) 578-8048
　　　　　　　　　　　　　　　　　　　　Fax: (860) 578-8048

**LAW OFFICES OF**
**CHRISTOPHER H. THOGMARTIN**
1880 SILAS DEANE HIGHWAY, SUITE 201
ROCKY HILL, CT  06067
PHONE & FAX: 860.578.8048

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | |
|---|---|
| In Re:<br>　　　Rachel Crockett,<br>　　　　　Debtor<br>-------------------------------------------------<br>Rachel Crockett,<br>　　　　　Movant | Chapter 7<br><br>Case No. 21-20807<br><br><br>**HONORABLE JAMES J. TANCREDI** |

## MOTION TO COMPEL ABAONDONMENT OF PROPERTY

## PURSUANT TO 11 U.S.C. §554(b)

The Debtor, Rachel Crockett (the "Debtor"), hereby files her Motion to Compel Abandonment pursuant to 11 U.S.C. § 554(b) (the "Motion") and in support thereof respectfully submits as follows:

### JURISDICTION

1. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334(b).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

**FACTS**

2. The Debtor commenced her Chapter 7 bankruptcy filing on August 20, 2021 in the District of Connecticut under case number 21-20807.

3. On September 27, 2021, the Debtor attended her section 341 meeting (held telephonically), during which the Debtor testified that she had contributed some funds towards a down payment of her principal residence (the "Property"), purchased by her spouse and her brother-in-law on or about June 9, 2017.

4. The Debtor's name is not, nor has ever been on the title to the property, nor is she a signatory to the mortgage encumbering said Property.

5. On September 29, 2021, the Trustee filed a Notice of Assets, and subsequently on December 9, 2021, the Trustee filed an Application to Employ the Law Offices of Jeffrey Hellman, LLC as Special Counsel to pursue the Debtor's purported interest in the Property.

6. On December 16, 2021, the Debtor amended her bankruptcy schedules AB and C to exempt a "theoretical equitable interest" in the Property.

7. As of the time of the commencement of the case, the Property was encumbered by a first mortgage to Mr. Cooper with a balance of $260,463.69; a market analysis obtained by the Debtor estimates a value of $341,200.00, yielding equity of $80,736.11.

8. The record owners of the Property are Craig C. Crockett and Christopher S. Crockett.

LAW OFFICES OF
CHRISTOPHER H. THOGMARTIN
1880 SILAS DEANE HIGHWAY, SUITE 201
ROCKY HILL, CT 06067
PHONE & FAX: 860.578.8048

## ARGUMENT

*No Interest Retained*

The Debtor asserts that she has no interest in the subject Property. At the time of the purchase, the Debtor was married and had accumulated, during her time employed as an attorney, approximately $60,000 (the "Funds"). While these Funds were held in an account solely in the Debtor's name, said Funds were earned by the Debtor, while married, in either the states of California or Texas, which are both community property states[1]. Pursuant to the laws of those states, any income and any real or personal property acquired by either spouse during a marriage are considered community property and thus belong to both partners of the marriage. Accordingly, while using the Funds to purchase the Property, the non-filing spouse was, in effect, using "his money."

As noted, the Debtor is a non-practicing attorney, and is thus a relatively sophisticated party. As such, were it the Debtor's intention to retain an interest in the Property, she has the legal sophistication to have drafted by herself, or have had another draft for her, a lien to secure her interest, were she to choose to retain any such interest. At the time of the transfer, the Debtor was not insolvent; her only debts were her two student loans which were current. Thus, even though the transfer falls outside of the statutory

---

[1] *See* Tex.Fam.Code § 3.002, *et seq*; Cal.Fam.Code §706 *et seq.*

LAW OFFICES OF
CHRISTOPHER H. THOGMARTIN
1880 SILAS DEANE HIGHWAY, SUITE 201
ROCKY HILL, CT 06067
PHONE & FAX: 860.578.8048

timeframe for a fraudulent transfer inquiry, there is nonetheless not even a whiff of that here.

### *Unjust Enrichment*

In his representations to the Court, the Trustee has indicated his speculation that the Debtor may have a claim for "unjust enrichment" against either her husband or against the Property itself. It is difficult to imagine a circumstance where the Debtor, or the bankruptcy estate in her place, would prevail under such a theory. Unjust enrichment is essentially an equitable remedy in Connecticut, where the court inquires "did the defendant, to the detriment of someone else, obtain something of value to which the defendant was not entitled?"[2] The elements of unjust enrichment in Connecticut are: 1) the defendant was benefitted, 2) the defendant unjustly did not pay the plaintiff for the benefit, 3) the failure to pay was to the detriment of the plaintiff, and 4) the plaintiff lacks an available remedy under a written contract.

In the current case, the Debtor and non-filing spouse's community property was used to purchase a home in which the Debtor and her family have resided since the purchase. While arguably, at the time of the transfer, given her solvency, the Debtor would have been entitled to simply gift the money to her spouse for any purpose, that is not what happened. Simply put, the Debtor's spouse used their communal savings to make a down payment on a home in a good school district for the benefit of himself, the Debtor, and

---

[2] See Schirmer v. Souza, 126 Conn. App. 759, 763 (Conn.App.2011)

their family. The non-filing spouse has made all subsequent mortgage payments and paid for all upkeep of the Property. There has been no detriment to the Debtor, and as community property retains its characteristics even when moved to a non-community property state[3], the non-filing spouse (the hypothetical defendant) was entitled to use the Funds. There is simply no basis for a claim of unjust enrichment.

*Homestead Exemption*

As a final matter, even were the Debtor to possess some manner of equitable ownership interest in the Property, that interest is held in the Debtor's principal residence, and is thus subject to exemption pursuant to Conn. General Statutes § 52-352b(t). While the Debtor adamantly maintains that she holds no such interest, she has nonetheless taken the precautionary step of amending her bankruptcy schedules and exempting out one third of the equity currently held in the property, in the amount of $26,642.9[4]2. There is therefore no equity available to the bankruptcy estate.

### RELIEF REQUESTED

Section 554(b) of the Bankruptcy Code provides "on request of a party of interest and after notice and a hearing, the court may order the trustee to abandon any property of

---

[3] *See* Certain Underwriters at Lloyd's London et al v. Cooper, 289 Conn. 383, 397 (2008).
[4] It is worth noting that the entire amount of equity falls under the $75,000.00 of the applicable iteration of the exemption statute.

LAW OFFICES OF
CHRISTOPHER H. THOGMARTIN
1880 SILAS DEANE HIGHWAY, SUITE 201
ROCKY HILL, CT 06067
PHONE & FAX: 860.578.8048

the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." Given that a claim for unjust enrichment is unsupported, and that any theoretical equitable interest in the Debtor's principal residence is subject to full exemption, such a claim, if any, is of inconsequential value and benefit to the Estate.

**WHEREFORE,** Debtor prays for an order approving the Debtor's Motion to Compel Abandonment of Property, and grant such other and further relief as the Court may appertain.

January 10, 2022        Signature        /s/ Christopher H. Thogmartin
                                         Attorney for Debtor

LAW OFFICES OF
CHRISTOPHER H. THOGMARTIN
1880 SILAS DEANE HIGHWAY, SUITE 201
ROCKY HILL, CT 06067
PHONE & FAX: 860.578.8048

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | |
|---|---|
| In Re:<br><br>    Rachel Crockett,<br><br>        Debtor<br>-------------------------------------------------<br>Rachel Crockett,<br><br>        Movant | Chapter 7<br><br>Case No. 21-20807<br><br><br><br>**HONORABLE JAMES J. TANCREDI** |

**LAW OFFICES OF CHRISTOPHER H. THOGMARTIN**
**1880 SILAS DEANE HIGHWAY, SUITE 201**
**ROCKY HILL, CT  06067**
**PHONE & FAX: 860.578.8048**

### ORDER ON MOTION TO COMPEL ABANDONMENT

The matter is before the Court on the debtor's motion to compel the trustee to abandon an equitable interest held in the debtor's principal residence located at 429 Huckleberry Road, Avon, Connecticut (the "Property") pursuant to 11 U.S.C. § 554(b). The Court finds that the debtor has given sufficient notice and shown good cause for this relief, and either no objection has been filed or any objection that was filed has been overruled or withdrawn.

**IT IS HEREBY ORDERED**, debtor's Motion to Compel Abandonment of Property is granted; and

**IT IS FURTHER ORDERED**, the trustee shall promptly take all steps necessary to abandon the Property.

**SO ORDERED** this _____ day of _____, 2022.

_____
Honorable James J. Tancredi
Bankruptcy Judge

**LAW OFFICES OF**
**CHRISTOPHER H. THOGMARTIN**
1880 SILAS DEANE HIGHWAY, SUITE 201
ROCKY HILL, CT 06067
PHONE & FAX: 860.578.8048

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | |
|---|---|
| In Re:<br><br>　　　Rachel Crockett,<br>　　　　　Debtor<br>-------------------------------------------------<br>Rachel Crockett,<br>　　　　　Movant | Chapter 7<br><br>Case No. 21-20807<br><br><br><br>**HONORABLE JAMES J. TANCREDI** |

### Certification of Service

I hereby certify that on January 10, 2022, I served a copy of the foregoing Motion to Compel Abandonment of Property via U.S. Mail Postage prepaid unless indicated otherwise, on the following:

United States Trustee's Office *by Electronic Notice;*

Anthony S. Novak, Chapter 7 Trustee *by Electronic Notice*;

*Via First Class Mail*
Rachel Crockett
426 Huckleberry Hill Road
Avon, CT  06001

　　　/s/ Christopher H. Thogmartin
　　　Christopher H. Thogmartin
　　　Attorney for the Debtor
　　　Fed Bar # CT27922
　　　Phone: (860) 578-8048
　　　Fax: (860) 578-8048